## LOCKWOOD *v.* FARMERS AND MERCHANTS BANK OF BYROMVILLE.

1. Where one loaned money to be used in the purchase of land at a sheriff's sale, and charged interest on the loan at a usurious rate, a deed to the land thus bought, executed by the borrower to secure the payment of the notes given for the money loaned, is void; and where such notes or renewals thereof were subsequently reduced to judgment, the grantee in the security deed was not entitled to a verdict and decree giving a special lien upon the land so conveyed.
2. The instructions authorizing the jury to find that the plaintiff have a special lien upon land conveyed under the circumstances just stated were erroneous, and the verdict pursuant to such instructions, giving to the plaintiff the special lien, must be set aside.

MAY 15, 1916.

Complaint. Before Judge George. Dooly superior court. August 17, 1915.

*Crum & Jones,* for plaintiff in error. *Jule Felton,* contra.

BECK, J. The Farmers and Merchants Bank of Byromville loaned to Mrs. J. F. Lockwood a certain sum of money, and took therefor her promissory notes. The interest charged upon the loan included in the notes was at a usurious rate. These notes were subsequently renewed, and it does not appear that the notes were purged of their usury. After the maturity of the renewed notes the bank brought suit upon them, and the jury returned a verdict in favor of the plaintiff for the principal and the amount of interest due thereon, less that part which was usurious. The money which Mrs. Lockwood had borrowed from the bank was used in the purchase at sheriff's sale of certain realty, and immediately upon receiving a sheriff's deed to this property, in order to secure the payment of the notes referred to, she executed a deed conveying the same property to the bank. The plaintiff prayed for a judgment giving it a special lien upon the property referred to, and a judgment and decree giving a special lien as prayed was included in the judgment based upon the verdict rendered. The defendant made a motion for a new trial, which was overruled, and she excepted.

In addition to finding a verdict in favor of the plaintiff for the amount of principal and interest calculated at the legal rate, the jury found also, under the court's instructions, that the plaintiff was entitled to a special lien upon the land conveyed to secure

the debt. The uncontroverted evidence shows that the original debt to secure which the deed was executed to the bank by the defendant was infected with usury. That being true, as has been ruled several times by this court, the deed to secure the usurious debt was void, and therefore the plaintiff was not entitled to a special lien upon the property it was attempted to convey by such deed. Even if, on account of having furnished the money with which to purchase this land at the sheriff's sale, the plaintiff's position was analogous to that of a vendor of the land, and the debt from Mrs. Lockwood to the bank was in the nature of purchase-money for the land, this would not give the bank the right to a verdict and decree that it have a special lien upon the property, as there is no such thing as a vendor's lien for the purchase-money of land in this State.

We were requested by counsel in his brief, in case the court should hold that the plaintiff was not entitled to a special lien, to give such direction to the case as would avoid a reversal. We are satisfied that this is a proper case for giving the direction requested. Inasmuch as the plaintiff is entitled to a verdict for the amount of principal and interest awarded, a new trial will not be granted; but direction is given that a judgment be entered for the amount awarded at the trial, and that so much of the verdict as gives to the plaintiff a special lien be omitted therefrom.

*Judgment affirmed, with direction. All the Justices concur.*